# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **FRANK L. MCCALL, JR.** | * | **CIVIL ACTION NO. 05-1881** |
| **VERSUS** | * | **JUDGE MELANÇON** |
| **MARY L. LANDRIEU, ET AL.** | * | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Pending before the undersigned for report and recommendation is the Motion for Summary Judgment filed by the United States of America ("USA"). [rec. doc. 9]. *Pro se* plaintiff, Frank L. McCall, Jr. ("McCall"), has sued United States Senator Mary L. Landrieu ("Landrieu") and United States Attorney Donald W. Washington ("Washington"). The USA moves for Summary Judgment dismissing all of McCall's claims. McCall has filed opposition. [rec. doc. 11].

For the following reasons, the undersigned recommends that that the Motion for Summary Judgment be **GRANTED**, and that this civil action be **DISMISSED WITH PREJUDICE.**

## STATEMENT OF CLAIM

Plaintiff, Frank L. McCall, Jr., filed this action in a local state court on October 21, 2005. [rec. doc. 1]. On October 28, 2005, the United States of America through defendant Donald W. Washington removed this action to this court. [rec. doc. 3].

The record before this court, including McCall's "Petition for Damages for Corrupt Practice and Official Misconduct ... and Civil Rights Violation ..." and

Opposition to the instant Motion and attachments thereto, reveals that McCall's action is based on his claim that in 1989, Louisiana Supreme Court Associate Justice Victory, while serving on the state district court bench, appointed an allegedly unlicenced attorney, Patricia A. South, to represent him in a state court criminal proceeding. McCall claims that had he been represented by a licensed attorney he would not have been convicted in that criminal proceeding.

The facts surrounding petitioner's claim is as follows. On January 28, 2000, plaintiff wrote to the Louisiana Attorney Disciplinary Board inquiring whether Ms. South was a licensed attorney. By response dated February 14, 2000, the Chief Disciplinary Counsel informed plaintiff, as he had previously advised in August of 1999 in response to another inquiry from McCall, that Ms. South was not reflected in the Louisiana roster of attorneys, but that she may be listed under a new married name or a maiden name. Accordingly, plaintiff was advised to provide that information. [rec. doc. 11, p. 7].

On November 1, 2001, attorney David E. Stone responded to correspondence from plaintiff dated October 18, 2001. In that response, Mr. Stone informed plaintiff that Mrs. Patricia A. Shacklette was in fact licensed and in good standing in March of 1990 when she represented petitioner at his trial. [*Id*. at p. 8].

On August 3, 2000, McCall wrote to Senator Landrieu. That letter was forwarded to the Louisiana Department of Justice Investigation Division. The Deputy Director responded by letter dated August 24, 2000 that any remedy for McCall's complaints of

misconduct should be addressed by the district court having jurisdiction over his case. [*Id*. at p. 10].

On March 9, 2004, plaintiff sent United States Attorney Washington a copy of Mr. South's letter. In response, by letter dated March 18, 2004, Washington advised that after interview of Mrs. Shacklette and review of information from the Louisiana Bar Association, there was no evidence to support petitioner's allegation that Mrs. Patricia A. Shacklette, the former Patricia A. South, was unlicenced when she represented him in his criminal proceedings. To the contrary, the Louisiana Bar Association and Mrs. Shacklette confirmed that Mrs. Shacklette was licensed to practice law in April 1988. Accordingly, there was no issue raised in either McCall's or Mr. Stone's correspondence for Washington's office to investigate. [*Id*. at p. 9].

In this action, McCall complains that Landrieu and Washington refused to investigate his allegations in order to "cover-up" Justice Victory's violation of McCall's constitutional rights when he appointed allegedly un-licensed attorney South, now Shacklette, to represent him in state criminal proceedings. Thus, McCall claims that they "conspired and violated the laws within the State of Louisiana and violated the plaintiff [sic] civil rights and Equal Protection Clause ...." [rec. doc. 1, Conclusion]. Accordingly, McCall seeks punitive and monetary damages for "emotional instability injury which would not have otherwise occurred ...." [*Id.* at Conclusion and Prayer].

Review of this court's records reveals that McCall has filed a total of forty-one lawsuits against various state and federal officials, five of which have been dismissed as frivolous[1], and the majority of the remainder have been stricken pursuant to 28 U.S.C. § 1915(g) or as second and successive *habeas* petitions filed without authorization by the Fifth Circuit Court of Appeals. Of McCall's forty-one lawsuits, twenty-two contain allegations regarding his attorney, Patricia A. South (now Shacklette), similar to those made herein.[2] In fact, one such lawsuit against Senator Landrieu and United States Attorney Washington which duplicates the allegations made herein is currently pending before Judge Walter and Magistrate Judge Hornsby (5:05cv1842) while a similar lawsuit was just recently dismissed on grounds of prescription on Motion for Summary Judgment filed by United States of America (5:05-991). Of the twenty-two lawsuits in which petitioner complains of Ms. South (now Shacklette), one was dismissed as frivolous on the merits (5:96cv1753), and two others were stricken pursuant to § 1915(g) after plaintiff was expressly warned that he would be sanctioned if he continued "to repeatedly file successive complaints against the same or similar defendants based on the same set of facts ..." those sanctions including judicial pre-approval of all future actions and monetary sanctions. See *McCall v. Patricia South*, 5:00cv1525, rec. doc. 3; and *McCall v. Caddo Parish Association of Indigent Defenders*, 5:00cv1627, rec. doc. 3. Despite these

---

[1] 5:96cv951; 5:96cv986; 5:96cv1565; 5:96cv1753; 5:96cv1793.

[2] 5:00cv430; 5:00cv1137; 5:00cv1230; 5:00cv1295; 5:00cv1525; 5:00cv1627; 5:01cv1871; 5:96cv1753; 5:99cv2315; 1:04cv1953; 5:02cv2432; 5:03cv0005; 5:03cv255; 5:04cv675; 5:04cv1961; 5:04cv1972; 5:04cv1973; 5:05cv991; 5:05cv1391; 5:05cv1842; 5:04cv1526 and 6:05cv1881.

warnings, McCall has continued to file actions based on Ms. South's (now Shacklette's) alleged un-licensed status, not only in this court, but also in the state courts, which, like the current action, are being removed by the United States to this court. See 5:05cv991. Thus, it appears that McCall is entering this court "through the back door."

## Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex,* 477 U.S. at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P.

56(c); *Celotex*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

With these principles in mind, the undersigned turns to a review of the claims at issue.

## I. Characterization of McCall's Claims

The USA argues that petitioner's claims are asserted under 42 U.S.C. §1983 and that such claims are time barred under the applicable law and jurisprudence. In opposition, McCall argues that his claims are for "civil rights violations against public employees" but that they are not asserted under § 1983. Rather, he contends that his claims are asserted under Louisiana law pursuant to L.R.S. 14:134, 14:130.1, 15:1184 and 9:5605, and federal law pursuant to 42 U.S.C. § 1997e(a).

McCall's characterization of his claims fails, as the cited statutes are not applicable to this proceeding, or do not provide a private cause of action for the constitutional violations alleged herein. The first two statutes are criminal statutes under which the State may prosecute persons who commit malfeasance in office (L.R.S. 14:134(1)) or obstruct justice (L.R.S. 14:130.1). These statutes, contained in the Louisiana Criminal Code, do not however provide for private enforcement.[3] See *Hassell v. United States,*

---

[3]Additionally, to the extent that McCall is attempting to show criminal wrongdoing to prove civil liability, McCall must properly and timely invoke this court's civil jurisdiction. As shown above, this McCall has failed to do in a timely manner.

Moreover, in general, the failure of government officials to investigate complaints does not establish a civil rights violation. See *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.1985) (*per curiam*). Stated another way,

203 F.R.D. 241, 244 (N.D.Tex. 1999) ("Criminal statutes can neither be enforced by civil action nor by private parties."); *Gill v. State of Texas*, 153 Fed.Appx. 261, 262-263 (5th Cir. 2005) (unpublished) (criminal statutes do not provide a basis for civil liability and private citizens have no standing to institute a criminal prosecution and no power to enforce a criminal statute); *Balawajder v. Jacobs*, 220 F.3d 586 (5th Cir. 2000) (unpublished) (same). The third state statute (L.R.S. 15:1184) provides special rules for suits by prisoners under Louisiana law, and the section specifically cited by plaintiff merely provides that prisoners may not file suit until after exhausting administrative remedies (L.R.S. 15:1184(A)(2)). The statute does not create a cause of action for prisoners.

The last state statute (L.R.S. 9:5605) provides the prescriptive period for legal malpractice actions, which has no application herein. Finally, the sole federal statute cited by petitioner (42 U.S.C. § 1997e), like it's state counterpart, merely provides special rules for suits by prisoners under § 1983, and the section specifically cited by plaintiff merely provides that prisoners may not file suit until after exhausting administrative remedies (42 U.S.C. § 1997e(a)). This statute has been construed by the Fifth Circuit as not creating a federal civil cause of action, but rather as "proscribing the existence of a

---

private citizens do not enjoy a constitutional right to have their claims investigated by federal or state officials. See, e.g., *Dunyan v. FBI*, No. 92-0598, 1992 WL 25777 (E.D.Pa. Feb. 5, 1992); *Lovoi v. Federal Bureau of Investigation*, 2000 WL 33671769, *2 at fn. 4 (E.D.La. March 31, 2000); *Hicks v. Bowles*, 2003 WL 251543, *4 (N.D.Tex. Feb. 3, 2003); *Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir.1996).

federal cause of action" created by § 1983. *Underwood v. Wilson*, 151 F.3d 292, 294 (5th Cir. 1998).

In the caption of his Petition for Damages, plaintiff expressly alleges that his lawsuit is for a "civil rights violation", and the body and conclusion of his pleading sets forth allegations of a conspiracy by the defendants to violate plaintiff's "civil rights and equal protection clause ...." Further, plaintiff seeks punitive damages which are not available under state law, but rather are only available under federal law in actions asserting civil rights violations under § 1983. *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625, 1640, 75 L.Ed.2d 632 (1983); *Thomas v. Frederick,* 766 F.Supp. 540, 561 (W.D.La. 1991) (noting in a §1983 suit that punitive damages are not available under state law for violations of constitutional rights).

In light of the above, the undersigned concludes that this is an action for federal civil rights violations arising under federal law. However, because the action is against federal, as opposed to state officials, the instant action is not an action pursuant to 42 U.S.C. § 1983, but rather is properly characterized as an action pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which "extends the protections afforded by § 1983 to parties injured by federal actors [who are] not liable under § 1983." See *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 fn. 14 (5th Cir. 1993). This distinction does not impact the legal effectiveness of the USA's Motion for Summary Judgment because the same prescriptive period applies to both § 1983 and

*Bivens* actions. *Mayo v. United States*, 1999 WL 594685, *1 (W.D.La. 1999) citing *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998), *Gaspard v. United States*, 713 F.2d 1097, 1102 fn. 11 (5th Cir. 1983) and *Laspopoulos v. F.B.I.,* 884 F.Supp. 214, 216 (E.D.La. 1995); *Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982); *See also Allen v. U.S. Bureau of Prisons*, 213 F.3d 639 (5th Cir. 2000); *Pajooh v. Montgomery*, 31 Fed.Appx. 160 (5th Cir. 2001); *Fasola v. INS*, 66 Fed.Appx. 524 (5th Cir. 2003).

**II. Prescription**

Because there is no federal statute of limitations for *Bivens* actions, federal courts borrow the general personal injury limitation period from the general tort law of the state in which the action is brought. *Mayo*, 1999 WL 594685 at *1 citing *Pena*, 157 F.3d at 987, *Gaspard*, 713 F.2d at 1102 fn. 11 and *Laspopoulos,* 884 F.Supp. at 216; *Alford,* 693 F.2d at 499; *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998). *See also Owens v. Okure,* 488 U.S. 235, 250, 109 S.Ct. 573 (1989) (§ 1983 action). Accordingly, the Fifth Circuit has approved application of Louisiana's one year personal injury prescriptive period (statute of limitations) in *Bivens* actions. *Alford*, 693 F.2d at 499[4]; *Allen*, 213 F.3d 639; *Pajooh*, 31 Fed.Appx. 160; *Fasola*, 66 Fed.Appx. 524. *See also Elzy v. Roberson*, 868 F.2d 793, 794-795 (5th Cir. 1989) (§ 1983 action); *Jacobsen v. Osborne*, 133 F.3d

---

[4]The *Alford* court cited former Civil Code article 3536. The current article is Civil Code article 3492. See Revision Comments-1983 (noting that article 3492 is derived from former article 3536, that the new "[a]rticle does not change the law", and that "jurisprudence interpreting the source provision[] continues to be relevant.").

315, 319 (5th Cir. 1998) (same).  Hence, plaintiff's civil rights claims are governed by the one year prescriptive period.

Despite application of Louisiana's one-year prescriptive period, federal law is used to determine when a cause of action accrues.  *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995); *Jacobsen*, 133 F.3d at 319.  Under federal law, a cause of action accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981).  A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim.  *Id.* citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

The crux of plaintiff's complaint involves events which occurred over sixteen years ago during plaintiff's 1989-1990 state criminal prosecution, when Justice Victory allegedly appointed an unlicenced attorney, Patricia A. South (now Shacklette) to represent him.  Although plaintiff claims that he notified defendants Landrieu and Washington of this alleged constitutional violation on August 3, 2000 and March 9, 2004, respectively, the record reveals that McCall knew the facts which form the basis of his alleged constitutional violation in August of 1999, when the Chief Disciplinary Counsel

initially responded to his inquiry regarding Ms. South, and at the latest knew on March 18, 2004 when United States Attorney Washington advised McCall of the results of his investigation. Moreover, this court's records disclose that as early as 1996 McCall was aware that these facts could support a legal cause of action, as evidenced by his § 1983 lawsuit filed in this court against Ms. South and others on June 23, 1996. *See* 5:96cv1793. Thus, it is clear from these records that McCall was aware of the facts which form the basis of his present complaint well over one year prior to the date that the instant lawsuit was filed in state court on October 21, 2005.

The same is true as to McCall's claim that Landrieu and Washington failed to adequately investigate his complaint. As early as August 24, 2000, the date of the Deputy Director's correspondence to plaintiff, McCall knew that neither Senator Landrieu nor the Louisiana Department of Justice were going to take action on his complaint. Further, at the latest, on March 18, 2004, the date of Washington's letter to plaintiff, McCall knew that neither United States Attorney Washington nor his office were going to take any further action on McCall's allegations. Nevertheless, McCall failed to file suit until October 21, 2005, well after the one year prescriptive period had lapsed.

In light of the foregoing, the undersigned concludes that plaintiff's claims accrued, at the latest, on March 18, 2004, the date of United States Attorney Washington's letter to plaintiff. Although plaintiff may not have realized that a one year prescriptive period applied to his claims or even that he might have legal claims to assert, which given

plaintiff's extensive litigious history is unlikely, the record before this court unequivocally demonstrates that plaintiff was aware of the facts constituting the alleged constitutional violations on or before that date. This is the only knowledge required to commence the running of prescription.

Accordingly, plaintiff's claims were prescribed when this action was filed in state court over one year later on October 21, 2005. Hence, plaintiff's civil rights claims are barred by the one year statute of limitations.

### III. Claims barred by *Heck v. Humphrey*

Furthermore, although not raised by the USA in its Motion for Summary Judgment, plaintiff's present claims are clearly barred by the principles set forth by the United States Supreme Court in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364 (1994). Plaintiff alleges that his claims are for civil rights violations committed by defendants Landrieu and Washington. However, the crux of plaintiff's complaint is that he has been unconstitutionally convicted and hence, unlawfully incarcerated, because he was allegedly not provided with competent counsel in his criminal proceeding as required by the Sixth Amendment. However, plaintiff's claims for monetary damages are premature.

In *Heck v. Humphrey*, 114 S.Ct. 2364 (1994), the Supreme Court held that a claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (*Heck* applies in *Bivens* actions). Moreover, when a favorable judgment on a claim would 'necessarily imply' a determination that a conviction and/or imprisonment is invalid, the claim is not cognizable unless the conviction and/or sentence has previously been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus. Id.;* See also *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004) (noting that *Heck* bars damage claims "where success in a prisoner's ... damages action would implicitly question the validity of conviction or duration of sentence ..."); *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 1248 (2005) (noting that Supreme Court cases "indicate that a state prisoner's ... action is barred ... no matter the relief sought ..., no matter the target of the prisoner's suit ... if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Unless the plaintiff can prove one of these occurrences, his claim is not cognizable and must be dismissed. *Cronn v. Buffington*, 150 F.3d 538 (5th Cir. 1998). Simply put, the unlawfulness of the conviction and/or confinement must be established before the plaintiff can assert a civil rights action.

McCall's claims would necessarily imply the invalidity of his state court conviction and present confinement. In order for plaintiff to prevail in this lawsuit, McCall would have to prove that Ms. South, now Mrs. Shacklette, was indeed unlicenced during his 1989-1990 state criminal proceeding. Absent that showing, McCall could not successfully demonstrate that Landrieu or Washington should have undertaken further investigation of his complaint. This determination clearly falls with in the parameters of *Heck* as it bears a direct relationship to and "necessarily implies" the invalidity of McCall's conviction. Thus, because McCall's conviction has not been invalidated under one of the *Heck* criteria, his claims are not cognizable and for that additional reason, his claims must be dismissed with prejudice.[5]

## IV. Lack of Physical Injury

Additionally, although not raised by the USA in its Motion, McCall's claim for compensatory damages is barred by the physical injury requirement set forth in 42 U.S.C. § 1997e(e). That section provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."

By this action, McCall seeks monetary damages for an "emotional instability injury." However, he has failed to allege or demonstrate that he suffered any physical

---

[5]In *Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996), District courts are directed to dismiss such claims "with prejudice to their being asserted again until the *Heck* conditions are met."

**14**

injury which is more than *de minimis*. Accordingly, his claim for compensatory damages for purely psychological injuries is barred.[6] See *Siglar v. Hightower,* 112 F.3d 191, 193-194 (5th Cir. 1997); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999); *Herman v. Holiday*, 238 F.3d 660, 665-666 (5th Cir. 2001); *Gomez v. Chandler*, 163 F.3d 921, 922 (5th Cir. 1999); *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

## V. Sanctions

In light of McCall's forty-one lawsuits, twenty-two of which contain allegations regarding the attorney who handled his criminal case, Patricia A. South (now Shacklette), similar to those made herein[7], the duplicate lawsuit against Senator Landrieu and United States Attorney Washington which is currently pending before Judge Walter and Magistrate Judge Hornsby (5:05cv1842), the similar lawsuit which was just recently dismissed on grounds of prescription on Motion for Summary Judgment filed by United States of America (5:05cv991), and this court's two prior express warnings to plaintiff that he would be sanctioned if he continued "to repeatedly file successive complaints against the same or similar defendants based on the same set of facts ..." (5:00cv1525;

---

[6]Although the instant action is asserted under *Bivens* as opposed to § 1983, the Fifth Circuit has held that the "unqualified and unambiguous statutory text" precludes differentiation and makes the section applicable "to all federal actions in which a prisoner alleges a constitutional violation ...." *Geiger*, 404 F.3d at 375. Rather, it is the nature of the relief sought, and not the underlying substantive violation that controls. *Id.* Accordingly, the undersigned concludes that § 1997e(e) bars recovery of compensatory damages for mental or emotional injuries in this *Bivens* action, absent physical injury.

[7]5:00cv430; 5:00cv1137; 5:00cv1230; 5:00cv1295; 5:00cv1525; 5:00cv1627; 5:01cv1871; 5:96cv1753; 5:99cv2315; 1:04cv1953; 5:02cv2432; 5:03cv0005; 5:03cv255; 5:04cv675; 5:04cv1961; 5:04cv1972; 5:04cv1973; 5:05cv991; 5:05cv1391; 5:05cv1842; 5:04cv1526 and 6:05cv1881.

5:00cv1627), the undersigned would be fully justified in recommending that McCall be sanctioned.

The federal court may structure sanctions as are necessary or warranted to control this court's docket and maintain the orderly administration of justice. *See Goldgar v. Office of Administration,* 26 F.3d 32, 36 n.3 (5th Cir. 1994); *Mendoza v. Lynaugh,* 989 F.2d 191 (5th Cir. 1993); *Moody v. Miller,* 864 F.2d 1178, 1179 n.2 (5th Cir. 1989). Sanctions which may be imposed include a requirement that plaintiff obtain judicial pre-approval for all future *pro se* filings, monetary sanctions, assessment of court costs, suspension of plaintiff's right to proceed *in forma pauperis* until all previous litigation costs are paid, or other appropriate sanctions. *Id.*; *Lay v. Anderson*, 837 F.2d 231 (5th Cir. 1988); *Mayfield v. Collins*, 918 F.2d 560, 562 (5th Cir. 1991).

This court's records clearly demonstrate that McCall has fragrantly abused the judicial system by besieging this court with numerous repetitious and frivolous lawsuits for the past ten years, in which lawsuits McCall seeks to re-litigate claims against the same or similar defendants, alleging substantially the same facts arising from a common event, the appointment of Ms. South, now Mrs. Shacklette. McCall seeks to avoid sanctions by filing in state court as opposed to this court. Clearly, McCall, by his current practice of filing similar lawsuits in various state courts, attempts to circumvent this court's procedural mechanisms to curb his litigious game-playing. Whether filed initially in this court or removed to this court (as is the case here), these lawsuits have severely

burdened this court and have needlessly wasted judicial, clerical and professional resources. In order to control this court's docket and maintain the orderly administration of justice, the undersigned would be fully justified in recommending that this court sanction McCall. The sanctions which the Court has seriously considered include the following: (1) assessing all costs of the instant litigation against McCall and by imposing a $50.00 monetary sanction payable from McCall's prison account or any other source of assets or income he may have; (2) requiring McCall to obtain written judicial pre-approval for all future *pro se* filings in this court; (3) suspending McCall's right to proceed *in forma pauperis* in this court until the costs taxed against him in this case and the $50.00 monetary sanction have been paid, unless the lawsuit reveals that McCall is in imminent danger of serious physical injury; and (4) administratively terminating McCall's actions which have been removed from state court to this court, until the costs taxed against him in this case and the $50.00 monetary sanction have been paid, unless the lawsuit reveals that McCall is in imminent danger of serious physical injury. The Court has chosen not to recommend any sanctions because this case was removed to this court rather than having been originally filed here. The Court concludes that such sanctions would be proper, but declines to recommend sanctions because McCall has not been specifically warned that he faces sanctions if he files in state court and the case is removed. **However, plaintiff is now specifically warned that if he files a case in state**

**court which is then removed to this court, he is subject to sanction by this court with any available sanction, including specifically those set out above.**

For the reasons set forth above, **IT IS RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**, and that this civil action be **DISMISSED WITH PREJUDICE.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, February 24, 2006.

_____        *C. Michael Hill*
                     C. MICHAEL HILL
                     UNITED STATES MAGISTRATE JUDGE